J-A10012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES CEASER | : | |
| | : | |
| Appellant | : | No. 410 EDA 2023 |

Appeal from the PCRA Order Entered March 10, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000930-2012

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 25, 2024**

James Ceaser appeals *pro se* from the order of March 10, 2023, denying his motion for DNA testing pursuant to 42 Pa.C.S.A. § 9543.1 of the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On December 20, 2012, Ceaser entered a negotiated guilty plea to assault on a law enforcement officer[1] and person not to possess a firearm[2] for events which occurred on November 16, 2011, when police responded to a radio call for a theft in progress and encountered Ceaser, who shot at the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702.1(a)(1).

[2] 18 Pa.C.S.A. § 6105(a)(1).

officers as he fled the scene. During the subsequent search of the area and investigation into the offense, police located a 9mm black Smith and Wesson firearm, multiple magazines for a 9mm firearm, a 9mm fired cartridge case, and a live 9mm cartridge. Prior to Ceaser's guilty plea, the Commonwealth sent the black Smith and Wesson firearm for DNA testing. Ceaser was excluded as a contributor to the DNA found on the firearm. Ceaser did not request DNA testing of the other recovered evidence.

Following Ceaser entering his plea, the trial court imposed the negotiated sentence of 17 to 34 years of incarceration for the assault of a law enforcement officer charge and 1 to 2 years of incarceration to run concurrently, for person not to possess a firearm. Ceaser did not file a direct appeal, making his judgment of sentence final on January 21, 2013. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence "becomes final at the conclusion of direct review … or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (stating a notice of appeal must be filed within 30 days of the order from which the appeal is taken). Ceaser filed two *pro se* PCRA petitions and a writ of *habeas corpus* between 2015 and 2021. Ceaser's first PCRA petition was dismissed after court-appointed counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Ceaser withdrew the second PCRA petition as well as the writ of *habeas corpus*.

Ceaser filed the instant motion for DNA testing on March 11, 2022, and a supplemental PCRA petition on May 31, 2022. After the Commonwealth filed a response, the PCRA court issued its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on January 6, 2023. *See* Pa.R.Crim.P. 907(1). Ceaser filed a notice of appeal and a Rule 1925(b) statement of errors on January 24, 2023.[3] *See* Pa.R.A.P. 1925(b). On January 26, 2023, Ceaser filed a response to the Rule 907 notice. The PCRA court dismissed Ceaser's motion for post-conviction DNA testing and supplemental PCRA petition on March 10, 2023.

Preliminarily, we note that Ceasar filed two briefs with this Court. Ceaser's first brief did not include any of the requirements of Rule 2111 (required contents for the Brief of the Appellant), which could have resulted in his appeal being quashed or dismissed. *See* Appellant's Brief, 9/21/23; Pa.R.A.P. 2101, 2111; *see also Commonwealth v. Lyons*, 833 A.2d 245, 251-252 (Pa. Super. 2003) (while we are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.") (citation omitted). Pursuant to Rule 2101, briefs must "conform in all material respects with the requirements of these rules … and, if the defects … are substantial, the appeal or other matter may be

---

[3] The PCRA court aptly noted that Ceaser's January 24, 2023, appeal was "procedurally improper." PCRA Court Opinion, 6/9/23, at 3 n.1. However, pursuant to Pa.R.A.P. 905(a)(5), we will treat Ceaser's appeal as timely filed after the March 20, 2023, order dismissing his PCRA petition and motion for DNA testing. *See* Pa.R.A.P. 905(a)(5).

quashed or dismissed." Pa.R.A.P. 2101. However, Ceaser's September 29, 2023, amended brief only has minor defects.

For example, while Ceaser seemingly presents two questions for our review, Ceaser does not include two separate argument sections within his amended brief. *See* Appellant's Amended Brief, at 5-6; Pa.R.A.P. 2119(a) ("[t]he argument shall be divided into as many parts as there are questions to be argued[.]"). The amended brief also includes two separate sections seeking permission to appeal although this is an appeal from a final order and is appealable as of right. *See* Appellant's Amended Brief, at 3, 7; Pa.R.A.P. 341; Pa.R.Crim.P. 910; 42 Pa.C.S.A. § 9543.1(d)(3). However, while Ceaser's briefs contain errors and is often rambling, repetitive, and incoherent, we will, in the interests of justice, address the only argument we can reasonably discern: the PCRA court erred in denying his request for post-conviction DNA testing.

Since post-conviction DNA testing falls under the auspices of the PCRA, "we employ the same standard of review as when we review the denial of PCRA relief[,] *i.e.*, we determine whether the ruling is supported by the record and free of legal error." ***Commonwealth v. Hardy***, 274 A.3d 1240, 1246 (Pa. Super. 2022) (citation omitted). Further, as "the resolution of this appeal involves statutory construction, which involves a pure question of law, we review that aspect of the trial court's decision *de novo* and our scope of review

is plenary." **In re Payne**, 129 A.3d 546, 554 (Pa. Super. 2015) (*en banc*) (citation omitted).

Post-conviction DNA requests are governed by 42 Pa.C.S.A. § 9543.1, which provides, in relevant part:

> (a)   Motion.—
>
> (1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.
>
> (2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.
>
> ***
>
> (c) Requirements.--In any motion under subsection (a), under penalty of perjury, the applicant shall:
>
> ***
>
> (3) present a prima facie case demonstrating that the:

- 5 -

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted … .

42 Pa.C.S.A. § 9543.1(a)(1), (2), (c)(3).

The PCRA court found that Ceaser did not present a *prima facie* case demonstrating that the DNA testing would establish Ceaser's actual innocence, and that the evidence was either already tested prior to Ceaser's guilty plea or is no longer available. **See** PCRA Court Opinion, 6/9/23, at 5-6. Ceaser disputes that he did not present a *prima facie* case, although he concedes that the firearm was tested prior to his guilty plea. **See** Appellant's Amended Brief, at 9.

The Commonwealth argues that Ceaser did not meet the threshold requirement under subsection 9543.1(a)(2):

To obtain post-conviction DNA testing on specific evidence, as a threshold requirement, the evidence must be available for testing as of the date of the motion. Additionally, if the evidence was discovered prior to conviction, it must not have been tested already because (1) technology for testing did not exist at the time of the trial; (2) the petitioner's trial counsel did not seek testing at the time of the trial where a verdict was rendered on or before January 1, 1995; or (3) the petitioner's trial counsel sought funds from the court to pay for the testing because his client was

- 6 -

indigent, and the court refused the request despite the client's indigency. 42 Pa.C.S.[A.] § 9543.1(a)(2); ***Commonwealth v. Walsh***, 125 A.3d 1248, 1254 (Pa. Super. 2015). [Ceaser] satisfied none of these conditions necessary to obtain post-conviction DNA testing.

Appellee's Brief, at 7. We agree with both the PCRA court and the Commonwealth that Ceaser failed to satisfy the requirements for obtaining post-conviction DNA testing.

Ceaser requested six items be tested for DNA: (1) a chrome 9mm magazine loaded with sixteen live 9mm cartridges; (2) a chrome 9mm magazine loaded with fifteen live 9mm cartridges; (3) a 9mm fired cartridge case; (4) a chrome 9mm magazine loaded with ten live 9mm cartridges; (5) a live 9mm cartridge; and (6) a 9mm black Smith and Wesson firearm. ***See*** Motion for Forensic DNA Testing, 3/11/22, at 1. All six of these items were available for DNA testing prior to Ceaser's guilty plea. ***See*** Property Receipt 9013151, 11/16/11. The handgun already tested negative prior to Ceaser's plea and Ceaser did not request testing on the other five items, which were no longer available for testing when Ceaser filed his motion. ***See*** Commonwealth's Response, 9/8/22, at 5-6. Therefore, because the technology existed at the time of Ceaser's plea, the plea was entered after January 1, 1995, and neither Ceaser nor his counsel requested any additional testing, Ceaser has not established that he is entitled to DNA testing under subsection 9543.1(a)(2). ***See Commonwealth v. Walsh***, 125 A.3d 1248, 1254, 1257 (Pa. Super. 2015) (holding that the petitioner may only get relief

if the evidence is available for testing on the date of the motion, and if the evidence was discovered prior to conviction, the petitioner must show either the technology did not exist at the time of trial, trial counsel did not request testing if the conviction was before January 1, 1995, or funds for testing were requested and denied by the trial court).

Furthermore, we agree with the PCRA court that Ceaser failed to present a *prima facie* case demonstrating that the DNA testing would establish his actual innocence. Specifically, he has not alleged how testing the six items would establish his actual innocence when the initial test of the firearm already excluded him as a contributor to the DNA found on the firearm. In fact, even if the first test of the firearm had not excluded Ceaser, "this Court has repeatedly held that the mere absence of a defendant's DNA, by itself, does not satisfy the 'actual innocence' requirement under section 9543.1[]." *Hardy*, 274 A.3d at 1250 (citation omitted). As such, the record supports the PCRA court's legally proper holding that Ceaser is not entitled to post-conviction DNA testing. *See id.* at 1246.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2024

- 8 -